***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Harris with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter. *Page 2 
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. Plaintiff alleges to have sustained a compensable injury on March 8, 2007.
4. An employment relationship existed between Plaintiff and Defendant-Employer on March 8, 2007.
5. Plaintiff had an average weekly wage of $477.74, which would result in a compensation rate of $318.50.
 *********** EXHIBITS
The following documents were accepted into evidence as stipulated exhibits:
 • Exhibit 1: Executed Pre-Trial Agreement
 • Exhibit 2: Parties' discovery responses
 • Exhibit 3: Transcripts of recorded statements
 • Exhibit 4: Plaintiff's personnel file
 • Exhibit 5: Industrial Commission Forms and filings
 • Exhibit 6: Plaintiff's medical records
Transcripts of the depositions of the following were also received post-hearing:
 a. Kevin Blades
 b. Dr. Fred Douglas McQueen, Jr.
 c. Dr. David Allen
 d. Dr. Donald Getz
The following documents were inadvertently excluded from Stipulated Exhibit 2 and are hereby admitted into evidence as part of Stipulated Exhibit 2:
 a. Plaintiff's Responses to Defendants' First Set of *Page 3 
nterrogatories and Request for Production of Documents;
 b. Plaintiff's Answers to Defendants' Second Set of Interrogatories and Request for Production of Documents; and
 c. Plaintiff's Third Set of Responses to Defendants' Interrogatories and Request for Production of Documents to Plaintiff.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 39 years old at the time of the evidentiary hearing, with a date of birth of March 8, 1969. Plaintiff is a high school graduate and obtained a welding certificate from Richmond Community College in 1996. His work experience has been primarily in welding and pipe-fitting.
2. On March 8, 2007, Plaintiff was working as an electrician for Defendant-Employer on a job at the Imperial Fibers plant in Wadesboro, North Carolina.
3. Plaintiff and three co-workers, David Dodson, Mark Hunt and Kevin Blades, were working on installing a winder machine. In doing so, they were laying cables and setting cable trays.
3. Plaintiff bent down to pick up a cable tray that he did not realize was connected to the floor. When he pulled upward, Plaintiff felt immediate severe pain in his back with radiation into his legs.
4. Plaintiff immediately told Dodson, his supervisor, about hurting his back trying to pick up the cable tray. Both Blades and Hunt were also aware that Plaintiff had hurt his back and saw that he was in pain. *Page 4 
5. After Plaintiff told Dodson about his injury, Dodson had Plaintiff perform light tasks, with no heavy lifting, for the rest of the day.
6. Plaintiff complained about his back pain during the ride home with Dodson and the two others.
7. When Dodson came to Plaintiff's home the next morning, March 9, 2007, to pick him up for work, Plaintiff was unable to get out of bed because of his back pain. Although Plaintiff had complained of some back pain before, Dodson had never seen Plaintiff in the kind of pain that he witnessed on the morning of March 9, 2007.
8. March 8, 2007 was Plaintiff's last day of work with Defendant-Employer.
9. Plaintiff had prior injuries to his neck in November 2004 and his knee and low back in February 2006. Plaintiff's February 2006 injury was mainly to his knee, for which he had surgery. Plaintiff underwent an MRI on March 20, 2006 of his low back which revealed mild annular bulging at L4-5 and other degenerative changes. Plaintiff's back pain resolved fairly quickly and Plaintiff was not suffering from any significant low back pain in the ten months before March 8, 2007.
10. Plaintiff had also been treating for chronic pain associated with gout. This pain was localized to Plaintiff's feet and shoulders.
11. Dr. Fred McQueen, Plaintiff's primary care physician, had treated Plaintiff since 2004 and had never noted any complaints of lumbar or thoracic pain from Plaintiff.
12. Plaintiff presented to the Sandhills Regional Medical Center's emergency room on March 13, 2007 for treatment for his back pain. Plaintiff had waited to seek treatment because he had believed his back pain would resolve on its own. At the emergency room, Plaintiff complained of back pain with radiation into both legs since a workplace lifting incident.
13. Plaintiff followed up with Dr. McQueen on March 22, 2007 and reported the same *Page 5 
orkplace lifting incident resulting in back and leg pain. Dr. McQueen referred Plaintiff for an MRI and restricted Plaintiff from working. Plaintiff underwent the MRI on March 26, 2007, which revealed a focal disc herniation at T6-7 and a bulging annulus disc at L5-S1 and L4-L5. Based on the finding of the MRI, Dr. McQueen referred Plaintiff to a neurosurgeon.
15. Plaintiff filed a Form 18 dated April 5, 2007 and provided a copy of the Form 18 to Defendant-Employer on April 5, 2007. Defendants denied Plaintiff's claim by filing a Form 61, Denial of Workers' Compensation Claim.
16. Plaintiff saw Dr. Donald Getz, an orthopedist, on October 3, 2007 for an Independent Medical Examination. Dr. Getz found Plaintiff to be asymptomatic in relation to the T6 disc herniation, opining that thoracic disc herniations are frequently silent and often show up as incidental findings on MRIs. Dr. Getz opined that it was unlikely that the T6 disc herniation was caused by the March 8, 2007 incident. Dr. Getz opined that there was essentially no change in the findings on the 2006 MRI versus the findings of the March 2007 MRI.
17. Plaintiff saw Dr. David Allen for an orthopedic consultation on November 6, 2007. Dr. Allen reviewed both the 2006 and March 2007 MRIs, noting new changes present in the March 2007 MRI. Dr. Allen's diagnoses were thoracic spine pain, low back pain, lumbar spinous process pain, L4 Pars fracture, thoracic spinous process pain, T5-6 disc bulge, bilateral parathoracic pain and bilateral paralumbar pain. Dr. Allen recommended that Plaintiff might benefit from physical therapy, a T5-6 decompression and/or L4 Pars surgery. Dr. Allen also wrote that Plaintiff could perform activities as tolerated.
18. Dr. McQueen opined that Plaintiff's lumbar and thoracic pain and conditions were substantially aggravated by the March 8, 2007 incident. Dr. McQueen further testified that Plaintiff was unfit for work after March 8, 2007. *Page 6 
19. Dr. Allen opined that Plaintiff's complaints upon evaluation of him were consistent with those he had made back in March of 2007. Dr. Allen opined that Plaintiff's lumbar and thoracic pain and conditions were related to the March 8, 2007 incident. Dr. Allen further testified that Plaintiff's ability to work is limited by his back pain.
20. The Full Commission finds Plaintiff's testimony as to the March 8, 2007 incident to be credible.
21. As to the issue of causation and/or aggravation of pre-existing conditions, the Full Commission gives greater weight to the testimony and opinions of Drs. McQueen and Allen than to that of Dr. Getz and finds that the March 8, 2007 incident substantially aggravated Plaintiff's pre-existing thoracic and low back conditions.
22. After March 8, 2007, Plaintiff was unable to return to work with Defendant-Employer. Plaintiff did call to inquire about possibly trying to return to work in some capacity but was told that his position had been filled and he was no longer needed.
23. During the summer of 2007, Plaintiff unsuccessfully sought jobs with six different potential employers in the pipe-fitting and construction trades.
24. Plaintiff's pain and limitations related to his back injury prevented him from doing the type of heavy-duty work he had done during his working life prior to March 8, 2007.
25. Plaintiff did work with Power Equipment Maintenance, Inc. at its location in Belews Creek, North Carolina from October 15, 2007 through December 19, 2007. Plaintiff worked 50 hours a week making $24.00 per hour. PEM accommodated Plaintiff's limitations but noted that the accommodations could only be made temporarily. Plaintiff took the job knowing that it was temporary. His duties mostly involved putting parts in a sand-blasting machine and tending the machine.
26. Plaintiff took a voluntary layoff from PEM because of his increasing back pain and *Page 7 
27. because he was consequently having to overuse his pain medications, which interfered with his ability to do his job.
28. After his layoff from PEM, Plaintiff testified that he looked for work but provided no details as to the types of jobs or the number of jobs he has sought. However, the hearing before the Deputy Commissioner occurred less than a month after Plaintiff's layoff.
29. The medical treatment that Plaintiff has heretofore received for his March 8, 2007 back injury has been reasonably required to affect a cure and/or provide relief for Plaintiff's conditions.
30. The Defendants brought this appeal from the Deputy Commission to the Full Commission and this Award makes, or continues payments of benefits to the injured Plaintiff.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable back injury to his thoracic and lumbar spine by specific traumatic incident on March 8, 2007. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's thoracic and lumbar back conditions, with associated radiating pain, were caused by his compensable injury of March 8, 2007.Click v. Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
3. In order to meet the burden of proving continuing disability, Plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by Plaintiff's injury.Milliard v. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that he is physically or mentally, as a result of the workrelated *Page 8 
injury, incapable of work in any employment; (2) evidence that he is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than his pre-injury wages. Demery v. PerdueFarms, Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v.Lowes Product Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). In the case at hand, Plaintiff has met his burden of proving continuing disability from March 9, 2007 through October 14, 2007 as Plaintiff was either written completely out of work by a physician or Plaintiff conducted a reasonable but unsuccessful job search.
4. Plaintiff's work with PEM from October 15, 2007 through December 19, 2007 was not indicative of wage-earning capacity on Plaintiff's part, in that PEM accommodated Plaintiff's physical limitations on a temporary basis. Defendants, however, are not required to pay any indemnity compensation to Plaintiff for that period.
5. Given Plaintiff's medical restrictions from Dr. Allen of performing activities as tolerated and his limited education, and further given that his work experience has been in heavy-duty positions, it has been and is currently futile for Plaintiff to find suitable employment within his physical limitations related to his compensable injury, and he is thus disabled within the meaning of the Act. Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
6. Plaintiff is entitled to receive temporary total disability compensation for the period from March 9, 2007 through October 14, 2007 and December 20, 2007 through the present and continuing. N.C. Gen. Stat. § 97-29.
7. Plaintiff is entitled to receive medical treatment for his compensable thoracic and lumbar conditions. N.C. Gen. Stat. §§ 97-2(19) and 97-25. *Page 9 
8. Defendants did not defend this claim without reasonable grounds. As such,
Plaintiff is not entitled to attorney's fees under N.C. Gen. Stat. § 97-88.1.
9. "If the Industrial Commission at a hearing on review . . . shall find that such hearing or proceedings were brought by the insurer and the Commission . . . by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission . . . may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs." N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee provision below, Defendants shall pay Plaintiff temporary total disability compensation for the period from March 9, 2007 through October 14, 2007 and December 20, 2007 through the present and continuing until further orders of the Industrial Commission at the rate of $318.50 per week. All amounts accrued to the date of this Award shall be paid in one lump sum. Both accrued and continuing temporary total disability compensation are subject to the attorney fee provided for in Paragraph 2 below.
2. Plaintiff shall pay a reasonable attorney fee of twenty-five percent of accrued and continuing weekly disability compensation. Defendants shall deduct the attorney fee approved from the accrued benefits and pay the same directly to Plaintiff's counsel. Defendants shall deduct every fourth weekly disability payment and pay the same directly to Plaintiff's counsel.
3. Dr. Allen is hereby designated as Plaintiff's treating physician. Defendants shall *Page 10 
authorize and pay for the treatment that Dr. Allen recommends for Plaintiff's compensable conditions, including but not limited to diagnostic testing, physical therapy, surgery, prescriptions, mileage and referrals.
4. Defendants shall pay for any and all treatment that Plaintiff has heretofore received for his compensable conditions, including but not limited to the treatment and/or prescriptions from Sandhills Regional Medical Center, Dr. McQueen and/or Dr. Allen. If Plaintiff has paid for any such treatment and/or prescriptions out of his own pocket, Defendants shall reimburse Plaintiff in full.
5. Plaintiff is hereby awarded attorney's fees under N.C. Gen. Stat. § 97-88. Plaintiff's counsel shall submit to the undersigned within 20 days of the filing of this Opinion and Award, an affidavit setting forth the time spent defending this matter on appeal to the Full Commission.
6. Defendants shall pay the costs. As part of their costs, if they have not done so already, Defendants shall pay an expert witness fee to Dr. Getz in the amount of $551.00 or the amount actually billed, whichever is less. It is noted that the Deputy Commissioner already set expert witness fees for Dr. Allen by Order filed March 5, 2008 and for Dr. McQueen by Order filed April 17, 2008.
This the ___ day of June, 2009.
S/_____________ DANNY LEE McDONALD COMMISSIONER
 CONCURRING: S/_____________ BERNADINE S. BALLANCE COMMISSIONER *Page 11 
 S/_____________ PAMELA T. YOUNG CHAIR *Page 1